# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY $156,000 IN U.S. CURRENCY,<br><br>　　　　　　Defendant. | Case No.: 1:10-cv-01179 AWI JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 25) |

Before the Court is the stipulation to extend the deadlines set forth in the scheduling order by 90 days. (Doc. 25) Though the parties agree that they scheduling order should be amended, the stipulation fails to set forth any grounds to demonstrate that there exists good cause to do so. Therefore, the stipulation to amend the scheduling order is **DENIED**.

**I.    Analysis**

On February 9, 2011, the Court conducted the scheduling conference in this matter. (Doc. 19) At that time, the Court established the deadlines by which the case activities would be completed. (Doc. 20)  The order reminded the parties that the deadlines selected were firm and would not be modified absent a showing of good cause. <u>Id</u>. at 6-7.  The order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and**

      **where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Id. In addition, Fed. R. Civ. P. 16(b)(3) makes clear that a scheduling order may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

      Here, the Court has no information that there is good cause to modify the scheduling order.[1] Though the Court does not doubt counsel's representation that they believe there is good cause, this is not sufficient. Therefore, the stipulation to amend the scheduling order is **DENIED**.

IT IS SO ORDERED.

Dated: **March 20, 2012**                    /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel are advised that delayed settlement efforts, conflicts with other obligations that were known at the time of the scheduling conference or the failure to exercise diligence in completing discovery, do not constitute good cause to modify the scheduling order.