# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:10-cv-01179 AWI JLT |
| Plaintiff, | ORDER GRANTING IN PART STIPULATION TO AMEND THE SCHEDULING ORDER |
| v. | |
| APPROXIMATELY $156,000 IN U.S. CURRENCY, | (Doc. 27) |
| Defendant. | |

On March 19, 2012, the Parties stipulated to extend all case deadlines by 90 days. (Doc. 25) However, the stipulation failed to provide any factual basis that would allow the desired modification. Thus, on March 20, 2012, the Court denied the requested modification. (Doc. 26)

Undeterred, on March 21, 2012, the parties submitted a revised stipulation in support of the same request. (Doc. 27) In this stipulation, the parties report that claimant Yaniv Cohen resides in Israel and the parties have experienced difficulty in scheduling his deposition due to the distance and the cost of travel. Id. at 1. In addition, Plaintiff intends to depose Mr. Cohen's bookkeeper but, due to the press of tax season, scheduling her deposition has not been possible. Id. Given these problems, the parties seek 90 days to be added to each of the impending deadlines. Id. at 2.

Once again, the stipulation fails to explain why the deposition of the bookkeeper was not

1

take *before* tax season began or any detail about when efforts began to schedule Mr. Cohen's deposition or what alternatives to a personal appearance–such as a deposition via video conference–have been considered.[1]  Therefore, the stipulation to amend the scheduling order is only **GRANTED in PART**.

I.      Analysis

As noted in the Court's March 30, 2012 order, parties are required to demonstrate good cause to justify amendment of the scheduling order.  The scheduling order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 20 at 6-7) Moreover, in the Court's order of two days ago, the Court reminded counsel of the requirement to demonstrate that they have pursued the case with diligence as an element of demonstrating the "good cause" requirement. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)  In addressing the diligence requirement, this Court has noted,

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, see In re San Juan Dupont, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference, see Johnson, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, see Eckert Cold Storage, 943 F.Supp. at 1233.

---

[1] Moreover, the Court is concerned that the parties waited until <u>after</u> the expiration of the non-expert discovery deadline to bring these issues to the attention of the Court.  Generally, this is grounds for outright denial of the request. (Doc. 20 at 6-7 ("If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference."); L.R. 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. **Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor**.") Emphasis added.
    In Hardy v. County of El Dorado, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008), the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for a lack of diligence.  The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence."

1  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

2      As noted above, the stipulation fails to discuss whether the parties have acted diligently in
3  completing the discovery, for example, by detailing whether they have sought to take Mr.
4  Cohen's deposition via video conference and when they began their efforts to schedule Mr.
5  Cohen's deposition and that of his bookkeeper.

6      In any event, it is clear that these depositions need to be completed in order for the parties
7  to have meaningful settlement discussions and to provide the Court the efficient trial it expects, if
8  it proceeds in that manner.  Therefore, the stipulation to amend the scheduling order is
9  **GRANTED in PART**.

## ORDER

11      The Court **ORDERS** the scheduling order to be amended as follows:

12      1.   The depositions of Claimant, Yaniv Cohen, and his bookkeeper, SHALL be
13           completed no later than June 4, 2012;
14      2.   No other amendments to the scheduling order are authorized.

15  IT IS SO ORDERED.

16  Dated:  **March 22, 2012**                         /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE